IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JAMES DAVID MCINTYRE, JR.**     **PLAINTIFF**

**V.**     **CASE NO. 2:12-CV-00020-KS-MTP**

**FORREST COUNTY BOARD OF SUPERVISORS**
**AND SHERIFF BILLY MCGEE**     **DEFENDANTS**

## ORDER

THIS MATTER is before the Court *sua sponte* upon the Plaintiff's failures to comply with certain court orders and appear at hearings. The Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his civil rights Complaint [1] on February 7, 2012. Based on the record and applicable law, the Court finds that this case should be dismissed without prejudice.

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court's power "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear [its] calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial courts' discretionary authority under Rule 41(b)). This case exemplifies the type of inaction that warrants Rule 41(b) dismissal.

On August 20, 2012, the Court entered an Order [16] setting this matter for an omnibus

hearing and case management conference for October 30, 2012, at 9:00 a.m. The Plaintiff failed to appear at the hearing as ordered. On October 31, the Court entered an Order [17] directing the Plaintiff to appear for a show cause hearing on November 19, 2012 at 10:00 a.m. to explain why his case should not be dismissed for his failure to comply with the court order and to prosecute his case. The Court also advised the Plaintiff that failure to appear at the show cause hearing may result in this case being dismissed without further notice. Despite the Court's admonitions, the Plaintiff failed to appear at the second hearing.

As there is a clear record of delay in this case, the Court may properly dismiss this matter under Rule 41(b). *Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned that dismissal could result from his failure to comply with a court order); *Balawajder v. Parker*, 56 F.3d 1386 (5th Cir. 1995). The Court has warned the Plaintiff that his failure to comply with orders and appear at hearings may result in dismissal. However, the Plaintiff has failed to appear and comply with court orders. In addition, the Plaintiff has not inquired as to the status of his case or otherwise filed any pleadings or communicated with the Court since July 26, 2012. In light of his inaction, it appears that the Plaintiff has lost interest in pursuing this lawsuit and has abandoned it.

As the Plaintiff has failed to prosecute his case and comply with court orders, the Court finds that this case should be dismissed.

IT IS, THEREFORE, ORDERED that:

1. This matter is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

2. A separate judgment will be entered in accordance with Fed. R. Civ. P. 58.

THIS the 19th day of November, 2012.

           *s/ Keith Starrett*
         UNITED STATES DISTRICT JUDGE